MUNRO v. ELK RAPIDS SCHOOLS

SCHOOLS AND SCHOOL DISTRICTS—STATUTE—PROBATIONARY TEACHER
—REHIRING.

> The Teacher Tenure act does not impose a statutory duty on
> school boards to rehire probationary teachers who have
> completed two years of satisfactory service; the act requires
> only that any probationary teacher not on continuing contract
> shall be notified in writing, at least 60 days before the close
> of the school year, if he is not to be employed for the
> ensuing school year, the decision to rehire being within the
> discretion of the school board (MCLA 1969 Cum Supp §§
> 38.83, 38.91).

Appeal from Antrim, Charles L. Brown, J. Submitted Division 3 April 11, 1969, at Grand Rapids. (Docket No. 6,072.) Decided May 26, 1969. Leave to appeal granted August 5, 1969. See 382 Mich 773.

Petition by Scott Munro for writ of mandamus against the Elk Rapids Schools and the Board of Education of Elk Rapids Schools to compel defendant to rehire him to teach. Writ denied and complaint dismissed. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

47 Am Jur, Schools § 129 et seq.

Sufficiency of notice of intention to discharge teacher, or not to renew contract, under statutes requiring such notice. 92 ALR2d 751.

Teachers' tenure statutes. 110 ALR 791, 113 ALR 1495, 127 ALR 1298, subd III 145 ALR 1078.

*Foster, Campbell, Lindemer & McGurrin (Theodore W. Swift, James A. White,* and *Edmund E. Shepherd,* of counsel), for plaintiff.

*Zerafa & Zerafa (Robert J. Kievit,* of counsel), for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. The action here raises the question of whether the tenure of teacher act requires that, upon the completion of 2 years of satisfactory service, a probationary teacher must be given a contract for the next year. The pertinent statutory provisions relied on by plaintiff are MCLA 1969 Cum Supp § 38.83 (Stat Ann 1969 Cum Supp § 15.1983) and MCLA § 38.91 (Stat Ann 1968 Rev § 15.1991). The former reads:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

The pertinent portion of the latter reads:

"After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act."

Plaintiff was employed as a "probationary teacher" during the school years 1966–1967 and 1967–1968 by the Elk Rapids schools. In November 1967 and January 1968 plaintiff was evaluated as to his teaching ability by the principal of the school where he taught. These evaluations both rated his work as "satisfactory", and the second report contained the recommendation of the principal that plaintiff be granted a tenure contract with the school system. Plaintiff was furnished copies of these evaluations.

In February, 1968, plaintiff received a letter from the school board of Elk Rapids informing him that he would not be offered a contract for the school year 1968–1969.

On May 20, 1968, plaintiff filed complaint for a writ of mandamus seeking to compel the performance by the defendant school board of a duty alleged to exist under the statutory provisions quoted above. Defendants moved for summary judgment on the basis the complaint failed to state a claim on which relief could be granted. Following argument on the motion, the circuit judge held that the plaintiff had failed to state a cause of action upon which relief could be granted. The writ of mandamus was denied and plaintiff's complaint dismissed. Plaintiff appeals.

The defendants admit that plaintiff's work must be considered satisfactory as a matter of law. *Wilson v. Flint Board of Education* (1960), 361 Mich 691.

Plaintiff's claim is essentially that once the school board has rated a probationary teacher "satisfactory" for 2 years, it cannot deny him a contract for the next year. This is a duty imposed by the quoted statutes and should be enforced by the courts by the issuance of a writ of mandamus.

The position of the defendants as adopted by the lower court is that the statutes require 2 separate acts. First, a probationary teacher must be rated either satisfactory or unsatisfactory. If no written notice of this is sent, he is presumed to be satisfactory. Second, and entirely separate, if the board does not wish to hire the teacher after the probationary period, it must notify him 60 days before the end of the school year. If he is not so notified, he shall be employed for the ensuing year. The defendants argue that a teacher may be considered "satisfactory" and a board may not, for some reason, wish or need to hire him. This being so, the statute does not create a duty requiring the board to hire him. We agree with this interpretation of the statutes involved.

This case does not involve discharge or demotion. It is a case of not rehiring plaintiff, which the board could decide to do, and its action is controlling on the facts of this case. We find it unnecessary to discuss the constitutional issues raised by plaintiff.

Affirmed, with costs to defendants.